O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON, BIJOU MASTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, formerly known as THE BANK OF NEW YORK AS TRUSEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2007-19, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-19; CWALT, INC. ALTERNATIVE LOAN TRUST 2007-9, MORTGAGE PASS-TRHOUGH CERTIFICATES, et al., <br><br> Defendants. | Case No. CV 14-08741 DDP (AJWx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Dkt. No. 37] |

Presently before the court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.

## I. Background

In 2007, Plaintiffs executed a promissory note for $1,995,000.00, secured by a Deed of Trust to real property located at 6227 Hollymont Drive, Los Angeles, California 90068. (FAC ¶ 31, Ex. 1 at 3.) The Deed named Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for the lender and beneficiary under the Deed. (FAC Ex. 1 at 3.) On December 23, 2010, MERS recorded an assignment of the Note and Deed to Defendant Bank of New York Mellon ("the Bank"), as Trustee for the CWALT, Inc. Alternative Loan Trust ("the Trust"). (FAC ¶ 32, Ex. 2 at 2.)

On August 20, 2014, Plaintiffs, proceeding pro se, filed the instant action in the United States District Court for the Southern District of New York. Plaintiffs filed the First Amended Complaint on October 27, 2014. The District Court for the Southern District of New York later transferred this matter sua sponte to this court. (Dkt. 27.) In essence, the FAC alleges that the Deed was improperly assigned in 2010, and that the assignment violated the Trust's Prospectus and the Bank's duties as Trustees. The FAC alleges nineteen causes of action, brought under federal, California, and New York law, related to these allegations.[1] Plaintiffs seek, among other relief, monetary damages and a declaratory judgment that no Defendant has an interest in Plaintiffs' Note or Deed of Trust. (FAC ¶ 53.) Defendants now move to dismiss the FAC.

---

[1] Although the caption of Plaintiffs' FAC lists only eight causes of action, the body of the FAC lists nineteen causes of action.

2

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level."  Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

3

**III. Discussion**

    A.   Prospectus-Based Claims

    Plaintiffs' Eleventh, Twelfth, and Thirteenth Causes of Action allege that the December 2010 assignment of the Deed violated several terms of the Trust's Prospectus. Defendants argue that Plaintiffs lack standing to challenge alleged violations of the Prospectus. Indeed, Plaintiffs' FAC seems to acknowledge as much, alleging that Plaintiffs "do not have the authority to prosecute the enforcement of securities violations." (FAC ¶ 30.) The import of Plaintiffs' assertion that their claims "establish the plausibility that the [assignment is] in direct conflict with the Prosepectus" is therefore unclear to the court. Although Plaintiffs allege that they are entitled "to potential monies for the identification of actions, to the SEC, that result [in] fines or penalties as a direct result of Plaintiffs' assistance," Plaintiffs provide no authority for that proposition nor any argument why any such entitlement would confer standing upon Plaintiffs to challenge the Prospectus. The Eleventh, Twelfth, and Thirteenth Causes of action are dismissed, with prejudice.[2]

    B.   TILA

    Plaintiffs' Nineteenth Cause of Action alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. SEC 1601 et seq.

---

[2] Plaintiffs devote much of their opposition to arguments regarding the pool servicing agreement governing the securitization of their Note. The FAC, however, asserts no claims based upon the PSA. Furthermore, courts have regularly concluded that mortgagors lack standing to bring such claims. See, e.g., Rubio v. U.S. Bank, N.A., No. C 13-05752 LB, 2014 WL 1318631 at *7-8 (N.D. Cal. Apr. 1, 2014); Armeni v. America's Wholesale Lender, No. CV 11-8537 CAS, 2012 WL 603242 at *3 (C.D. Cal. Feb. 24, 2012); See also Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 86 (2nd Cir. 2014).

Specifically, Plaintiffs allege that they did not receive written notice of the assignment of their mortgage within thirty days of the assignment. 15 U.S.C. § 1641(g). TILA claims must be brought, however, within one year of the violation. 15 U.S.C. § 1640(e). Here, that period expired in January 2012. Plaintiffs did not file their complaint in New York until August 20, 2014. Plaintiffs' TILA claim is, therefore, time-barred. The Nineteenth Cause of Action is dismissed with prejudice.

### C. Declaratory Relief Re: Assignment

Plaintiffs' First Cause of Action seeks a declaration that no Defendant has any interest in Plaintiffs' Note, Deed, or property. (FAC ¶ 96.) Plaintiffs allege that only a "non-existent mortgage" was assigned, the Deed of Trust was never transferred, and, Plaintiffs allege, is now unsecured. (FAC ¶ 92.) Although the basis for Plaintiffs' contentions is somewhat unclear, it appears from the two sentences of Plaintiffs' opposition devoted to this issue that Plaintiffs' First Cause of Action is premised upon allegations that their Note was improperly securitized. (Opp. at 8.) Plaintiffs do not have standing, however, to bring such claims. See note 2, supra; See also Yarpezeshkan v. Bank of America, N.A., No. 14-cv-237 JM, 2014 WL 3002410 at *3-4 (S.D. Cal. Jul7 2, 2014). The First Cause of Action is dismissed.

### D. IRS Requirements and New York EPTL Claim

Plaintiffs' Second through Eighth Causes of Action allege various violations of Internal Revenue Service requirements. Rather than address Defendants' contention that Plaintiffs lack standing to bring such claims, Plaintiffs argue that they intend "to amend the complaint to include the Internal Revenue Service."

5

(Opp. at 13.)  The court therefore dismisses the Second through Eighth Causes of Action.[3]

Plaintiffs' discussion regarding amendment to include the IRS also refers to New York Estates Powers and Trusts Law ("EPTL") § 7-2.4.  That statute serves as the basis for Plaintiffs' Tenth Cause of Action, which seeks a declaration that the assignment of Plaintiffs' Note is void under EPTL § 7-2.4.  That claim, however, is foreclosed by the Second Circuit's decision in Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79 (2014), which concluded that, even if mortgagors such as Plaintiffs had standing under EPTL § 7-2.4, which they do not, any failure to comply with the terms of a PSA would render an assignment voidable, not void.  Rajamin, 757 F.3d at 88-90.  Plaintiffs' Tenth Cause of Action is therefore dismissed with prejudice.

E.   Remaining Claims

Plaintiffs have not opposed Defendants' Motion to Dismiss with respect to the Ninth and Fourteenth through Eighteenth causes of action, which are, therefore, dismissed.

///
///
///

---

[3] The nature of Plaintiffs' proposed amendment is unclear to the court.  Nothing in this Order shall be read to suggest that an amendment along the lines Plaintiffs suggest would state a viable claim.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiffs' First through Eighth Causes of Action are DISMISSED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this Order. All other causes of action are DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: March 20, 2015

DEAN D. PREGERSON
United States District Judge

7