**O**

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL MASTERSON, BIJOU MASTERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, formerly known as THE BANK OF NEW YORK AS TRUSEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2007-19, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-19; CWALT, INC. ALTERNATIVE LOAN TRUST 2007-9, MORTGAGE PASS-TRHOUGH CERTIFICATES, SERIES 2007-19; THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 007-19, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-19; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | ) | Case No. CV 14-08741 DDP (AJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. 65] |

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

In 2007, Plaintiffs purchased real property located at 2151 Holly Ridge Drive in Hollywood, California. (SAC ¶ 36, Ex. 1.) A promissory note for $1,995,000.00 was executed by the Plaintiffs, secured by a Deed of Trust, naming Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and beneficiary under the Deed. (Id. at ¶ 44.) On December 23, 2010, MERS recorded the assignment of the Deed of Trust to Defendant Bank of New York Mellon ("the Bank") as Trustee for Defendant CWALT, Inc. Alternative Loan Trust ("the Trust"). (SAC ¶ 37; Ex. 2.) Plaintiffs allege that the assignment of the Deed of Trust is void because the Trust Prospectus states that all loans will be transferred into trust by June 29, 2007. (SAC ¶¶ 38, 41.)

Plaintiffs, proceeding pro se, filed a complaint against MERS, the Bank, and the Trust in the United States District Court for the Southern District of New York. (Dkt. 1.) The district court, sua sponte, transferred the case to the Central District of California because of the likelihood that all of or most of the events, documents, and witnesses are located in Central California. (Dkt. 27.) Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint. (Dkt. 37.) The court dismissed the first eight causes of action with leave to amend and dismissed the remaining causes of action with prejudice. Defendants now move to dismissthe Second Amended Complaint ("SAC").

**II. Legal Standard**

A claim will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of legal conclusion "are not entitled to the assumption of truth." Id. At 679. In other words, a pleading that merely offers "labels and assertions" will not be sufficient to state a claim upon which relief can be granted. Id. At 678 (citations and internal quotation marks omitted).

When there are well-pleaded factual allegations, a court should assume their veracity and the determine whether they plausibly give rise to an entitlement of relief. Id. At 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Plaintiffs' SAC, unlike the FAC, references alleged violations of 26 U.S.C. § 860, a part of the Internal Revenue Code pertaining to "deduction for deficiency dividends." Nevertheless, Plaintiffs' allegations, and arguments in opposition to the instant motion,

continue to center on the assertion that the assignment of the Deed of Trust, recorded on December 23, 2010 is void because it did not comply with the Trust's own rules. Although the SAC does not refer to the Trust's Pooling and Servicing Agreement, it instead alleges that the 2010 assignment of Plaintiffs' Deed violated the Trust's Propectus. Plaintiffs' opposition, furthermore, does make repeated references reference to the PSA. (E.g., Opp. at 12 ("Defendants do not possess or have title to the note due to noncompliance with the Pooling and Servicing Agreement."))[1]

As an initial matter, Plaintiffs appear to conflate the assignment of the Deed to the Bank with the transfer of the loan into the Trust. The former may not have any bearing on the latter. See Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 91 (2nd Cir. 2014) ("The PSAs themselves were sufficient to assign plaintiffs' obligations . . . . The subsequent recording of mortgage assignments does not imply that the promissory notes and security interests had not been effectively assigned under the [Pooling and Service Agreement].)" More importantly, as this court explained in its order granting Defendants' motion to dismiss the FAC, mortgagors who are not investors in the Trust lack standing to bring claims based on a violation of Trust rules. See, e.g., Armeni v. America's Wholesale Lender, No. CV 11-8537 CAS, 2012 WL 603242 at *3 (C.D. Cal. Feb. 24, 2012); Yarpezeshkan v. Bank of America, N.A., No. 14-cv-237 JM, 2014 WL 3002410 at *3-4 (S.D. Cal. Jul. 2, 2014); Rubio v. U.S. Bank, N.A., No. C 13-05752 LB, 2014 WL

[1] The court notes that Plaintiffs' opposition fails to address several of the arguments raised in the motion, while also raising arguments not applicable to this case.

1318631 at *7-8 (N.D. Cal. Apr. 1, 2014); See also Rajamin, 757 F.3d at 86.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. The SAC is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: January 29, 2016

DEAN D. PREGERSON
United States District Judge